**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RANDALL THOMAS**

Plaintiff,

CASE NO:

Vs

**AMAZON FULLFILLMENT CENTER**

Defendant(s).

_____/

## COMPLAINT

COMES NOW, the Plaintiff, RANDALL THOMAS (Plaintiff), by and through his undersigned

counsel, and files this Complaint against the AMAZON FULFILLMENT CENTER. ("the

AMAZON") and alleges:

### A. Jurisdictional Statement

1.      The U.S. District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      That the federal question involved in this case arises under 42 U.S.C. § 1981; Title VII of

the 1964 Civil Rights Act ("Race" "Retaliation"); the Age Discrimination in Employment Act

(ADEA); and the Americans with Disabilities Act of 1990 ("Disability" and "Retaliation").

3.      That the Plaintiff is a resident of Lakeland, Polk County, Florida.   He is black/African

American.

4.      That the Defendant is a private corporation and with its principal operation in Lakeland,

Polk County, Florida.

## STATEMENT OF FACTS

### Introduction

5.   The Plaintiff was subjected to a hostile working environment on the basis of disability and prior complaints of race discrimination and disability discrimination.

6.      Amazon Fulfillment (Lakeland) hired Mr. Thomas on November 2014 for the position of part-time Outbound Picker. He was promoted to a fulltime position on or about May 2016, earning approximately $12.25 per hour and full employee benefits. When Mr. Thomas was hired for this fulltime position in May 2016, his immediate supervisor was Eli (Surname Unknown). Currently, Mr. Thomas' immediate supervisor is Cooper McCoy (white male), who reports to Mr. Harrison Myers (white male), Operations Manager.

7.   As an Outbound Picker, Mr. Thomas' job duties require him to read a computer screen, select items from pallets moving in a conveyor belt, and to stack those items onto a loader. The items consists of all types of consumer products which are the subject of online purchase orders. This job is physically-demanding, requiring on-going and continuous motion. In order to perform this job up to standards, Mr. Thomas is required to correctly select, unload, and load a series of items within a certain time interval (e.g., within 12 seconds), in order to meet his goal. Since starting his full-time position, Mr. Thomas has raised very serious questions regarding the intentional manipulation of the computers in order to sabotage his completion rates in order to prevent him from making is goals. In fact, Mr. Thomas contends that managers Cooper McCoy and Harrison Myers have been intentionally manipulating the computer system in order to sabotage his work performance, because he is a black (African American). (It should be pointed out that Mr. Thomas did not start to have issues with his performance until Cooper McCoy became his

immediate supervisor in May 2016. Prior to May 2016, Mr. Thomas' immediate supervisor was Eli (Surname Unknown) who treated him with respect and fairness.)

8.      On January 28, 2018, Mr. Thomas was given a "Final Warning" for allegedly violating a "safety standard," when he stoop up onto a tote in order to pull an idem off of a ledger. This Final Warning was an "adverse employment" which created an <u>on-going pattern of continuing hostility and hostile actions that were taken against Mr. Thomas</u> leading up to his termination on October 1, 2021.

9.       From between January 28, 2018, and March 28, 2021 (the last date on which Mr. Thomas worked due to his worker's compensation accident and disability), he was subjected to disciplinary actions and less-favorable terms and conditions of his employment than similarly-situated non-black employees, including:

      a.   Kelly (Last name unknown)(white female)

      b.   Shari (Last name unknown)(white female)

      c.   Edward (Last name unknown)(Hispanic female)

      d.   Humberto (Last name unknown)(Hispanic male)

Each of these employees confided in Mr. Thomas and informed him that they believed that he was being subjected to a harsher form of discipline. This evidence proves that the nature of the hostile actions were both "objectively and subjectively" hostile and race-based.

10.      Mr. Thomas reported these racially-discriminatory and racially-hostile adverse employment actions to upper level management, including having an attorney to send the Defendant Amazon a letter, in which his statutory rights (including the right to be free from racial discrimination and harassment) were interposed.   However, the Defendant took no steps

to stop or to abate the harassment and the retaliatory actions taken against Mr. Thomas.

11.     On July 5, 2020, Mr. Thomas was injured in an industrial accident that occurred during the course and scope of his employment. He sustained in injury to his right shoulder. He was diagnosed with having a torn rotator cuff. He continued to work at his full-time position, or in a light-duty full time position (09/2020 to 01/2021).   In March 2021, he was placed on workers compensation disability in order to recuperate from surgery.

12.     However, despite completing this disability period, having reached maximum medical improvement, and given a clean bill of health to return to work at a full capacity, the Defendant Amazon refused to permit Mr. Thomas to return to work on unsubstantiated grounds of health and safety. The Defendant then arbitrarily placed Mr. Thomas on short-term and then long-term disability; and terminated his employment on or about October 1, 2021.

### COUNT I- Hostile Working Environment- Race (42 U.S.C. § 1981)

13.     Plaintiff hereby restates counts 1 through 12 as if those averments were fully stated in this paragraph, as per Rule 8 of the Fed. R. Civ. P.

14.     The Defendant permitted its supervisors and managers to subject Mr. Thomas to less favorable terms and conditions of employment than his similarly-situated non-black co-workers. These less-favorable terms, which the said similarly-situated employees had not been subjected to, included the following:

    A.     Closer monitoring;

    B.     Frequent oral admonitions;

    C.     Frequent write-ups and warnings (including Final Warnings).

15.     These unfavorable disciplinary actions and monitoring detracted from Mr. Thomas'

mental constancy, psychological stability, and emotional health—which is a term, condition, and privilege of employment.

16.     Mr. Thomas' subjective perception that the said disciplinary measures were racially-discriminatory was substantiated, or supported, by the subjective observations and opinions of several other non-black employees, who felt that Mr. Thomas was being singled out and discriminated against.

17.     This harassment was both severe and pervasive, since it constituted tortious actions that occurred non-stop over a period of several years, from 2018 up through 2021. This harassment culminated into an "adverse employment action" when the Defendant terminated Mr. Thomas on or about October 1, 2021.

18.     Mr. Thomas reported this on-going discipline and monitoring as racial discrimination and racial harassment to his management staff but not action was ever taken. Therefore, the Defendant Amazon knew about this discrimination and harassment but took no action, or no corrective action, or not appropriate action sufficient to abate this harassment.

WHEREFORE, the Plaintiff Thomas seeks relief in the form of

      A.     Trial by jury.

      B.     Judgment against the Defendants for compensatory damages.

      C.     Affirmative Action, as deemed appropriate by the Court.

      D.     Injunctive Relief, as deemed appropriate by the Court.

      E.     Attorney's fees and costs.

      F.     For whatever additional relief as is deemed just and appropriate by this

honorable Court.

**COUNT II- Retaliation (Race) 42 U.S.C. § 1981**

19.     Plaintiff hereby restates counts 1 through 12 as if those averments were fully stated in

this paragraph, as per Rule 8 of the Fed. R. Civ. P.

20.     The Defendant permitted its supervisors and managers to subject Mr. Thomas to less

favorable terms and conditions of employment than his similarly-situated non-black co-workers.

These less-favorable terms, which the said similarly-situated employees had not been subjected

to, included the following:

      A.     Closer monitoring;

      B.     Frequent oral admonitions;

      C.     Frequent write-ups and warnings (including Final Warnings).

      15.     These unfavorable disciplinary actions and monitoring detracted from Mr.

Thomas' mental constancy, psychological stability, and emotional health—which is a term,

condition, and privilege of employment.

21.     Protected Activity: Mr. Thomas lodged several complaints of racial discrimination and

harassment. He had an attorney send the Defendant Amazon a cease and desist or a demand

letter in 2018.

22.     Adverse Action: The Defendant Amazon, however, continued to subject Mr. Thomas to a

pattern of harassing behaviors leading up to terminating him on or about October 1, 2022.

23.     Causation: The totality of circumstances demonstrate that Mr. Thomas was terminated

because he had engaged in the oppositional forms of protected activity, including his attorney's

letter, his written and oral complaints, and his EEOC charge(s) of discrimination. Moreover,Mr.

Thomas reported this on-going discipline and monitoring as <u>racial discrimination</u> and <u>racial</u>

<u>harassment</u> to his management staff, but no action was ever taken. Therefore, the Defendant

Amazon knew about this discrimination and harassment but took no action, or no corrective

action, or not appropriate action sufficient to abate this harassment.

WHEREFORE, the Plaintiff Thomas seeks relief in the form of

   A.  Trial by jury.

   B.  Judgment against the Defendants for compensatory damages.

   C.  Affirmative Action, as deemed appropriate by the Court.

   D.  Injunctive Relief, as deemed appropriate by the Court.

   E.  Attorney's fees and costs.

   F.  For whatever additional relief as is deemed just and appropriate by this

honorable Court.

### COUNT III- Retaliation (Americans with Disabilities Act)

24. Plaintiff hereby restates counts 1 through 12 as if those averments were fully stated in

this paragraph, as per Rule 8 of the Fed. R. Civ. P.

25. The Defendant permitted its supervisors and managers to subject Mr. Thomas to less

favorable terms and conditions of employment than his similarly-situated non-black co-workers.

These less-favorable terms, which the said similarly-situated employees had not been subjected

to, included the following:

   A.  Closer monitoring;

   B.  Frequent oral admonitions;

C.      Frequent write-ups and warnings (including Final Warnings).

These unfavorable disciplinary actions and monitoring detracted from Mr. Thomas' mental

constancy, psychological stability, and emotional health—which is a term, condition, and

privilege of employment.

26.      Protected Activity: Mr. Thomas was injured on the job (i.e., workers' compensation);

received a course of medical treatment over the course of several months; and was cleared to

return to full time work during July or August 2021.  Mr. Thomas engaged in "interactive"

discussions with the Defendant Amazon about returning to work, and insisted that he could work

full time with a reasonable accommodation as to his right shoulder. The Defendant Amazon,

however, refused to engaged in a meaningful interactive conversation with Mr. Thomas.  The

Defendant "regarded" Mr. Thomas as being disabled and, as such, considered him to be too

dangerous to be inside of the Amazon plant.

27.      Adverse Action: The Defendant Amazon, however, continued to subject Mr. Thomas to a

pattern of harassing behaviors leading up to terminating him on or about October 1, 2022.

28.      Causation: The totality of circumstances demonstrate that Mr. Thomas was terminated

because he was regarded as, or perceived as, being disabled. Meanwhile, the Defendant Amazon

refused to engage in a meaningful interactive discussion regarding a reasonable accommodation.

Therefore, the Defendant Amazon terminated Mr. Thomas because of his perceived "disability"

and in violation of the Americans with Disabilities Act (ADA).

WHEREFORE, the Plaintiff Thomas seeks relief in the form of

        A.      Trial by jury.

        B.      Judgment against the Defendants for compensatory damages.

C.      Affirmative Action, as deemed appropriate by the Court.

D.      Injunctive Relief, as deemed appropriate by the Court.

E.      Attorney's fees and costs.

F.      For whatever additional relief as is deemed just and appropriate by this

honorable Court.

### COUNT   IV- Retaliation (Age Discrimination in Employment)

29.     Plaintiff hereby restates counts 1 through 12 as if those averments were fully stated in

this paragraph, as per Rule 8 of the Fed. R. Civ. P.

30.     This count is filed pursuant to The Rules Regulating the Florida Bar and Rule 11 of the

Fed. R. Civ. P. which permits attorneys to conduct further investigation in order to substantiate

the claim.   In this count, Mr. Thomas believes that "age was a factor" in his termination, but

needs to conduct further discovery in order to substantiate the ages of his co-workers, since the

EEOC has not turned any of this information over to him.

31.     The Defendant permitted its supervisors and managers to subject Mr. Thomas to less

favorable terms and conditions of employment than his similarly-situated co-workers who

appeared to be substantially younger than Mr. Thomas.   Mr. Thomas is age 55. Whereas most of

his co-workers were 15-20 years younger than him.   At the same time, only Mr. Thomas was

subjected to adverse forms of harassment or terms of employment. These less-favorable terms,

which the said similarly-situated employees had not been subjected to, included the following:

A.      Closer monitoring;

B.      Frequent oral admonitions;

C.      Frequent write-ups and warnings (including Final Warnings).

These unfavorable disciplinary actions and monitoring detracted from Mr. Thomas' mental

constancy, psychological stability, and emotional health—which is a term, condition, and

privilege of employment.

32.     Protected Activity: Mr. Thomas filed an EEOC Charge of Discrimination on the basis of

Age Discrimination on or about January 2021.

33.     Adverse Action: The Defendant Amazon, however, continued to subject Mr. Thomas to a

pattern of harassing behaviors leading up to terminating him on or about October 1, 2022.

34.     Causation: The totality of circumstances demonstrate that Mr. Thomas was terminated

because he was regarded as, or perceived as, being a worn-out older worker (i.e., "too old.")

Therefore, the Defendant Amazon terminated Mr. Thomas because it perceived him as being

"too old" to hold his fulltime position.

WHEREFORE, the Plaintiff Thomas seeks relief in the form of

A.      Trial by jury.

B.      Judgment against the Defendants for compensatory damages.

C.      Affirmative Action, as deemed appropriate by the Court.

D.      Injunctive Relief, as deemed appropriate by the Court.

E.      Attorney's fees and costs.

F.      For whatever additional relief as is deemed just and appropriate by this

honorable Court.

RESPECTFULLY SUBMITTED:

  /s/ Roderick O. Ford
Roderick O. Ford, Esq.
FBN: 0072620
THE METHODIST LAW CENTRE
5745 S.W. 75th Street
Suite 149
Gainesville, Florida 32608
(813) 223-1200
(800) 792-2241 facsimile
admin@methodistlawcentre.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Tampa Field Office**
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website:  www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/13/2022

**To:** Mr. Randall Thomas
2999 Warfield Drive
BARTOW, FL 33830
Charge No: 510-2022-02865

EEOC Representative and email:   ISAIAH RODRIGUEZ
Investigator
isaiah.rodriguez@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2022-02865.

On behalf of the Commission,

Digitally signed by Evangeline
Hawthorne
Date: 2022.05.13 16:53:21 -04'00'

---

Evangeline Hawthorne
Director

**Cc:**

Amazon Fulfillment
1760 County Line Rd
Lakeland, FL 33811

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2022-02865 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For moreinformation, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.